UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at PIKEVILLE

CIVIL ACTION NO. 7:11-34

EDWARD CANTRELL,                                                        PLAINTIFF

v.                             **OPINION AND ORDER**

NATIONAL INDEMNITY COMPANY and
GEICO GENERAL INSURANCE COMPANY,            DEFENDANTS

\* \* \* \* \* \* \* \* \*

This matter is before the Court on the Motion to Remand [DE 7] filed by the Plaintiff. For the following reasons, the motion will be denied.

The issue in this case is whether the amount-in-controversy exceeds $75,000 as required for this Court to exercise jurisdiction.

The Plaintiff originally filed this action in Pike Circuit Court. In his Complaint, he asserts that he was injured in a vehicle accident that was caused by the negligence of another driver. He further asserts that the other driver was insured by Defendant Geico and that he was insured by Defendant National at the time of the accident. The Plaintiff asserts that he suffered "severe bodily injuries" as a result of the accident.

He asks for judgment against both defendants in an amount that will compensate him for his damages including past and future mental and physical pain, lost wages, past and future medical expenses and miscellaneous other expenses.

The Defendants removed the action to this Court asserting that this Court has jurisdiction under 28 U.S.C. § 1332(a)(1). That statute provides that a federal court has original "diversity" jurisdiction where the suit is between citizens of different states and the

amount in controversy exceeds $75,000.00, exclusive of costs and interest. 28 U.S.C. § 1332(a). There is no dispute that this suit is between citizens of different states. The Plaintiff argues, however, that the amount in controversy does not exceed $75,000.

"A defendant removing a case has the burden of proving the diversity jurisdiction requirements." *Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868, 871 (6th Cir. 2000). Where, as here, "plaintiffs seek to recover some unspecified amount that is not self-evidently greater or less than the federal amount-in-controversy requirement, the defendant satisfies its burden when it proves that the amount in controversy 'more likely than not' exceeds $75,000." *Everett v. Verizon Wireless, Inc.*, 460 F.3d 818, 822 (6th Cir. 2006)(internal quotations and citation omitted).

In this case, the Defendants point to the fact that the National policy limit for the Plaintiff's UIM coverage is $100,000 and the policy limit for the Geico policy is also $100,000. The Plaintiff has not disputed this. Further, the Plaintiff alleges that he suffered "several bodily injuries" as a result of the accident. Based on this, it is more likely than not that the amount-in-controversy exceeds $75,000.

In the motion to remand filed by the Plaintiff's counsel on the Plaintiff's behalf, however, Plaintiff's counsel states, "the Plaintiff stipulates that he will not seek in excess of $75,000 from the Defendants, exclusive of interests and costs." The Sixth Circuit has held that a post-removal stipulation, reducing the amount in controversy below the federal jurisdictional amount does not mandate remand in a case where the Court has original jurisdiction at the time of removal. *Rogers*, 230 F.3d at 872. Further, in this case, the stipulation is not signed by the Plaintiff himself but instead only by Plaintiff's counsel.

For all these reasons, the Court hereby ORDERS that the Motion to Remand [DE 7] is DENIED.

Dated this 27th day of June, 2011.

Signed By:
*Karen K. Caldwell* KKC
United States District Judge